UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION


ANDY DEAN STEPHENS,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED,     CASE NO.  CV-24-00465 EJD

   PLAINTIFFS,   SAN JOSE, CALIFORNIA

  VS.    MAY 30, 2024

MAPLEBEAR INC. D/B/A INSTACART,   PAGES 1 - 21
FIDJI SIMO, NICK GIOVANNI, ALAN
RAMSAY, APOORVA MEHTA, JEFFREY
JORDAN, MEREDITH KOPIT LEVIEN,
BARRY MCCARTHY, MICHAEL
MORITZ, LILY SARAFAN, FRANK
SLOOTMAN, AND DANIEL SUNDHEIM,

   DEFENDANTS.


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

A-P-P-E-A-R-A-N-C-E-S

FOR PLAINTIFF   LEVI & KORSINSKY, LLP
CHENG:    BY:  ADAM M. APTON
     1160 BATTERY STREET EAST, SUITE 100
     SAN FRANCISCO, CALIFORNIA 94111

FOR PLAINTIFF   POMERANTZ LLP
VISCUSI:    BY:  ARI BASSTER
     1100 GLENDON AVENUE, 15TH FLOOR
     LOS ANGELES, CALIFORNIA 90024

  (APPEARANCES CONTINUED ON THE NEXT PAGE.)

OFFICIAL COURT REPORTER:   IRENE L. RODRIGUEZ, CSR, RMR, CRR
      CERTIFICATE NUMBER 8074

 PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY,
TRANSCRIPT PRODUCED WITH COMPUTER.

A P P E A R A N C E S: (CONT'D)


FOR THE DEFENDANTS:          FRESHFIELDS BRUCKHAUS DERINGER
                             BY:  BORIS FELDMAN
                             855 MAIN STREET
                             REDWOOD CITY, CALIFORNIA 94063

ALSO PRESENT:                MAPLEBEAR
                             BY:  JENNIFER CECIL

SAN JOSE, CALIFORNIA                                    MAY 30, 2024

P R O C E E D I N G S

(COURT CONVENED AT 9:05 A.M.)

THE COURT:  LET'S TURN TO OUR MORNING CALENDAR.

LET'S SEE.  LET'S CALL 24-465, STEPHENS VERSUS MAPLEBEAR, PLEASE.

MAY I HAVE THE APPEARANCE OF THE PARTIES, PLEASE.

MR. APTON:  GOOD MORNING, YOUR HONOR.

ADAM APTON OF LEVI & KORSINSKY FOR PLAINTIFFS, SPECIFICALLY JAMES CHENG.

THE COURT:  THANK YOU.  GOOD MORNING.

MR. BASSER:  GOOD MORNING, YOUR HONOR.

ARI BASSER FOR PLAINTIFF VISCUSI.

THE COURT:  THANK YOU.  GOOD MORNING.

MR. FELDMAN:  GOOD MORNING, YOUR HONOR.

BORIS FELDMAN FOR INSTACART AND THE DEFENDANTS.

WITH ME IS MY CLIENT, JENNIFER CECIL, WHO IS ASSISTANT GENERAL COUNSEL.

AND I'M PROUD TO PRESENT TO YOU THE 2024 SILICON VALLEY SUMMER CLASS AT FRESHFIELDS, BRUCKHAUS, DERINGER.

THE COURT:  OH, MY GOODNESS.  WELL, IT'S -- ARE THESE THE SUMMER ASSOCIATES, IS THAT WHAT YOU SAID?

MR. FELDMAN:  THERE'S ONE REAL ASSOCIATE LURKING THERE, BUT THE OTHERS ARE ALL SHORT TIMERS.

THE COURT:  I SEE.  GOT IT.  DO WE CALL THIS THEN, AS ONE OF MY LAW CLERKS SUGGESTED, AN ANXIETY OF SUMMER ASSOCIATES?

MR. FELDMAN:  EXACTLY.

THE COURT:  YES.  THANK YOU.  INDEED.  YES.

MR. FELDMAN:  EXACTLY.

THE COURT:  PLEASE BE SEATED.  THANK YOU.

WELL, THIS MOTION IS BEFORE ME IN REGARDS TO CLASS COUNSEL, AND I DID WANT TO -- AND THANKS FOR COMING IN.  I, AS YOU KNOW, I OFFERED AN OPPORTUNITY FOR THE DEFENSE TO FILE ANYTHING THEY WANTED IN REGARDS TO THIS.

AND I DID HAVE SOME QUESTIONS.  SO WHY DON'T YOU -- MAY I ASK YOU TO RETURN TO THE LECTERNS FOR JUST A MOMENT.  AND I'D LIKE TO START WITH THE PLAINTIFFS.

SO TELL ME THE UNIQUE CIRCUMSTANCES OF CLASS COUNSEL HERE.  AND LET ME JUST TELL YOU AT A HIGH LEVEL, WHY SHOULD THERE BE TWO?  SHOULD THERE BE JUST ONE?  AND DO WE NEED TWO FOR EFFICIENCIES AND THAT?

WHO WOULD LIKE TO ADDRESS THAT?

MR. APTON:  SURE, YOUR HONOR.  ADAM APTON AGAIN FOR MR. CHENG.

THE COURT:  SURE.

MR. APTON:  SO THIS IS A CASE WHERE THERE ARE ARGUABLY AT SOME POINT COMPETING CLAIMS THAT ARE BASED IN THE 33 ACT, SECURITIES ACT OF 1933, AND THE EXCHANGE ACT, THE

SECURITIES AND EXCHANGE ACT OF 1934.  THOSE CLAIMS ARE OFTEN BROUGHT AND LITIGATED SIDE BY SIDE, BUT HERE IN THIS INSTANCE GIVEN THE UNIQUE ISSUES THAT THEY SOMETIMES RAISE, ESPECIALLY AGAINST OPPOSING COUNSEL SUCH AS MR. FELDMAN, THERE ARE ISSUES THAT WE WOULD LIKE --

THE COURT:  HIS CLIENT, NOT MR. FELDMAN.

MR. APTON:  NO, I'M SPEAKING PARTICULARLY ABOUT MR. FELDMAN IN THIS SITUATION.

THE COURT:  OH, I SEE.

MR. APTON:  I HAVE BEEN OPPOSED AGAINST HIM BEFORE. I UNDERSTAND THAT HE HAS A BRILLIANT MIND AT TIMES.  BUT WE WOULD LIKE TO PREPARE --

THE COURT:  WELL, WILL YOU LET ME KNOW WHEN THAT TIME ARISES, PLEASE.

MR. APTON:  I WILL LET YOU KNOW AS SOON AS --

MR. FELDMAN:  ME TOO.

MR. APTON:  THERE ARE TIMES WHEN WE DO WANT TO PREPARE AS BEST AS POSSIBLE FOR POTENTIAL OBSTACLES DOWN THE ROAD.

IN THESE CLASS CASES, ESPECIALLY WHEN WE HAVE 33 AND 34 ACT CLAIMS, WE OFTEN FIND OURSELVES I GUESS UTILIZING THE ADVANTAGES OF HAVING ADDITIONAL PLAINTIFFS AS CLASS REPRESENTATIVES.  AND RATHER THAN WAIT UNTIL THE AMENDED PLEADING STAGE, WE CAN BRING THEM IN NOW.  WE HAVE CAPABLE PROPOSED LEAD PLAINTIFFS, BOTH MR. VISCUSI AND MR. CHENG.  WE

HAVE THE POMERANTZ FIRM, WHOM WE HAVE WORKED WITH BEFORE, WHOM FILED THE INITIAL CASE WHO HAS WORKED ALREADY AND TIME INVESTED IN THE CASE, AND WE CAN BENEFIT FROM THAT GOING FORWARD NOT ONLY WITH THEIR CLIENT AS AN ADDITIONAL PLAINTIFF, AN ADDITIONAL CO-LEAD PLAINTIFF BUT ALSO THEM AS A CO-LEAD FIRM, TOO.

SO WE WOULD PROPOSE THAT IN THE INTEREST OF THE CLASS IN MAKING THE BEST CASE POSSIBLE GOING FORWARD, THAT THE COURT RESPECTFULLY ALLOW US TO POSITION OURSELVES TO ACHIEVE THE BEST RESULT POSSIBLE.

THE COURT:  OKAY.  THANK YOU.

WHAT ARE THE EFFICIENCIES TO BE CAPTURED, IF ANY, AS TO JOINT COUNSEL?  ARE THERE EFFICIENCIES OR NOT?  OR ARE THERE GREATER DEFICIENCIES?

MR. APTON:  NO.  I APPRECIATE THE QUESTION.  THERE ARE NOT DEFICIENCIES.  THERE ARE EFFICIENCIES, AND THERE IS STRENGTH IN NUMBERS.

THE DEFENSE FIRM THAT INSTACART HAS RETAINED IS A VERY WELL FUNDED FIRM.  THEY HAVE A DEEP BENCH AS EVIDENCED BY THEIR SUMMER ASSOCIATE CLASS.

OUR FIRMS ARE NOT INSIGNIFICANT.  WE ARE LARGE, WE ARE CAPABLE, WE HAVE LITIGATED MANY OF THESE CASES BEFORE, BUT JOINING FORCES, LITIGATING THESE CASES TOGETHER, WE HAVE REALIZED EXCELLENT RESULTS FOR CLASSES THAT WE HAVE REPRESENTED IN THE PAST, AND SO WE DO HAVE PLANS, SO TO SPEAK, JOINT

PROSECUTION AGREEMENTS THAT WE OFTEN PUT IN PLACE THAT MAKE SURE THAT THERE'S NOT DUPLICATION OF EFFORT, THERE'S NOT DUPLICATIVE BILLING, BUT THAT THERE'S ACTUALLY COORDINATED TEAM WORK BETWEEN THE TWO FIRMS.

THE COURT:  YOU KNOW, THANK YOU.

IT'S INTERESTING SOMETIMES, AND I'M NOT SUGGESTING YOU, BUT LAWYER'S FIRMS WILL COME IN AND SAY WE HAVE DONE THIS AND YOU SHOULD APPOINT US LEAD BECAUSE OF OUR VAST EXPERIENCE AND OUR VAST RECORD OF SUCCESS IN THESE MATTERS AND YOU CAN LOOK AT IT, JUDGE, AND HERE IS OUR RESUME, AND HERE ARE ALL OF THE SUCCESSFUL CASES THAT WE HAVE.

AND SOMETIMES THE JUDGES WANT TO SAY -- SHE MIGHT OBSERVE, WELL, YOU'VE DONE THIS SO LONG AND YOU'VE BEEN SO SUCCESSFUL, YOU REALLY DON'T NEED -- YOU KNOW HOW TO DO IT.  YOU KNOW, THERE'S NO EFFICIENCIES TO BE CAPTURED BECAUSE YOU'VE GOT A BLAZING RECORD OF SUCCESS.

I DON'T MEAN TO SUGGEST YOU'RE CURSED BY YOUR SUCCESS, BUT A JUDGE MIGHT LOOK AT IT, AS I SAY, AND SHE MIGHT OBSERVE, YOU DON'T NEED ANY HELP, YOU'RE BRILLIANT.

MR. APTON:  TRUE.  AND WE DO LIKE TO TAKE CREDIT FOR BEING BRILLIANT, YOUR HONOR.  BUT IF THERE'S AN OPPORTUNITY TO GET A BETTER RESULT FROM WORKING WITH SOMEONE WHOM WE'VE WORKED WITH IN THE PAST, THEN FOR THE CLASS'S BENEFIT, WE SHOULD CERTAINLY TAKE ADVANTAGE OF THAT, ASSUMING THE COURT WOULD BE --

THE COURT: SURE. NO, RIGHT.

AND WHAT IS THE BENEFIT TO THE CLASS? BECAUSE THE COURT SITS, AS YOU KNOW, MY INTEREST IS OVERSEEING THE PROTECTION, IF YOU WILL, OF THE CLASS AND MAKING SURE THAT THEIR RIGHTS ARE PROTECTED IN THE WAY THAT YOU AND YOUR COLLEAGUE OPPOSITE SUGGESTS.

MR. APTON: SURE. SO IS YOUR HONOR'S QUESTION FOCUSSED MORE AT THE ASPECT OF HAVING TWO LEAD PLAINTIFFS OR TWO LEAD COUNSEL?

THE COURT: WELL, BOTH ACTUALLY. YEAH.

MR. APTON: EXCUSE ME. THE TWO LEAD PLAINTIFFS DOES PROVIDED BROADER REPRESENTATION TO THE CLASS. WE HAVE TWO LEAD PLAINTIFFS IN THIS PARTICULAR CASE, BOTH LEAD PLAINTIFFS, THAT COME FROM DIFFERENT WALKS OF LIFE.

MR. VISCUSI IS FROM SCHENECTADY, NEW YORK. HE'S A CONSTRUCTION WORKER. HE'S FAIRLY YOUNG. HE'S NEW TO THIS.

AND THEN YOU HAVE MR. CHENG WHO HAS SERVED IN A NUMBER OF DIFFERENT CAPACITIES, VERY EDUCATED PROFESSIONAL BUSINESSMAN WHO LOST MORE BUT THEY BOTH LOOK AT THIS PERHAPS FROM DIFFERENT ANGLES AND PROVIDE DIFFERENT PERSPECTIVES AS TO WHY THEY INVESTED, WHY THEY SOLD, WHAT THEY RELIED ON PERHAPS TO BETTER, LIKE I SAID, I REPRESENT THE UNNAMED MEMBERS OF THIS CLASS.

AS FAR AS THE TWO LEAD COUNSEL GO, MY FIRM AND THE POMERANTZ FIRM, AS YOUR HONOR HAS POINTED OUT, WE'VE DONE THIS BEFORE. WE KNOW WHAT WE'RE DOING, BUT BY JOINING FORCES HERE

WE BOTH GET THE BENEFIT OF EACH OTHER'S COLLABORATION, SUPPORT, ESPECIALLY POMERANTZ'S INITIAL WORK IN FILING THE INITIAL COMPLAINT AS WELL AS JUST THE AVAILABILITY OF MORE RESOURCES.

THE COURT:  WILL YOU NEED THOSE RESOURCES?  THIS ISN'T AN MDL.  IT'S -- AND PARDON ME.  I DON'T MEAN TO DIMINISH THE IMPORTANCE OF THE CASE IN ANY WAY, BUT IT IS -- WE SEE THESE CASES WITH THIS SOME FREQUENCY.

IS THERE ANYTHING UNUSUAL ABOUT THIS CASE THAT TAKES IT OUTSIDE OF THE HEARTLAND OF THESE CASES?

MR. APTON:  NO, NO.  THE HEARTLAND IS PRETTY VAST, YOUR HONOR.  SO I WOULDN'T SAY THAT THERE'S ANYTHING UNIQUE THAT WOULD REQUIRE MILLIONS OF DOLLARS IN TERMS OF UP-FRONT COSTS AND EXPENDITURE, BUT THERE IS TIME AND EFFORT THAT WILL GO INTO THESE INITIAL PHASES OF THE CASE THAT WILL BENEFIT FROM ADDITIONAL PERSPECTIVES.

THE COURT:  IN WHAT WAY?

MR. APTON:  OKAY.  WELL, IT'S --

THE COURT:  I THOUGHT IT WAS A GOOD QUESTION.  MAYBE IT'S NOT.

MR. APTON:  NO, IT IS A GOOD QUESTION, YOUR HONOR. AND I'M KIND OF GOING -- I DON'T WANT TO NOT ANSWER THE QUESTION, BUT AT THE SAME TIME, YOUR HONOR, THERE MAY BE CERTAIN ASPECTS OF THE CASE THAT --

THE COURT:  I'M NOT ASKING YOU TO REVEAL STRATEGY AT ALL.  THAT'S NOT MY QUESTION.

JUST AT A HIGH LEVEL, WHAT ARE THE GREATER EFFICIENCIES THAT MIGHT BE CAPTURED BY JOINT VENTURE IN PROSECUTING THE CASE THAT COULD NOT BE ACHIEVED WITH THE VAST EXPERIENCE THAT EITHER ONE OF YOUR FIRMS OR ATTORNEYS PRESENTS?

MR. APTON:  SURE.  SO, YOUR HONOR, HYPOTHETICALLY, EACH OF OUR FIRMS HAS DIFFERENT LITIGATION TEAMS.  SOME LITIGATION TEAMS ARE BUSY IN OTHER CASES AND OTHER LITIGATION TEAMS ARE AVAILABLE TO TAKE ON THIS CASE.

IN THESE TYPES OF CASES, WHEN WE -- EXCUSE ME, YOUR HONOR, I HAVE A LITTLE BIT OF A COLD.  IN THESE TYPES OF CASES WHEN WE FILE OUR COMPLAINTS, THERE'S ALWAYS A BENEFIT IN HAVING ADDITIONAL EYEBALLS READ THESE COMPLAINTS TO MAKE SURE THAT AS MUCH DETAIL IS IN THERE AS POSSIBLE AND THAT NOTHING IS LEFT UNSAID.

AND SO BY HAVING DIFFERENT ATTORNEYS FROM DIFFERENT FIRMS THAT HAVE HAD CASES NOT JUST BEFORE YOUR HONOR BUT OTHER COURTS, OTHER JUDGES WITHIN THE DISTRICT, WE BRING TO BEAR THAT EXPERIENCE THAT WOULD BE BENEFICIAL TO MAKING SURE THAT OUR COMPLAINT GOING FORWARD IS AS BEST THAT IT CAN BE.

THE COURT:  OKAY.  AND THEN THE OTHER QUESTION I HAVE IS WHAT OF POOR MR. STEPHENS?  WHAT IS TO BECOME OF HIM? HE WAS THE NAMED PARTY HERE, AND NOW HE'S NOT BEING SUGGESTED AS A LEAD PLAINTIFF HERE.

MR. APTON:  WELL, HE WOULDN'T BE SUGGESTED AS A LEAD PLAINTIFF, BUT PRESUMABLY HE WOULD BE INCLUDED AS AN ADDITIONAL

NAMED PLAINTIFF, WHICH GOES, AGAIN, TO OUR POINT ABOUT HAVING ADDITIONAL PROTECTION, ADDITIONAL REPRESENTATION FOR THE CLASS IF AND WHEN THE TIME COMES THAT DEFENSE COUNSEL WOULD CHALLENGE OUR BID FOR CLASS CERTIFICATION.

IN THIS CASE IN PARTICULAR, THERE ARE ISSUES, AND AGAIN, I DON'T WANT TO GO TOO FAR.

THE COURT:  YES.  NO, NO, NO, NO.

MR. APTON:  THERE ARE ISSUES RELATING TO STATUTE OF LIMITATIONS AND STATUTE OF REPOSE GIVEN WHEN THE IPO OCCURRED IN THIS CASE, AND SO IT'S IMPORTANT NOW TO BRING ON BOARD THESE REPRESENTATIVES SO AS TO AVOID A CHINA AGRITECH OR AN AMD ISSUE LATER ON, AND I ASSUME THE COURT'S FAMILIARITY WITH THOSE ISSUES.

THE COURT:  OKAY.  THANK YOU.  AND LET ME SAY, THIS WAS PRESENTED TO THE COURT BY WAY OF A STIPULATION, AND THE COURT WAS ASKED TO RECEIVE AND ACCEPT YOUR STIPULATION.  AND I JUST THOUGHT IT BEST TO BRING YOU IN AND ALLOW YOU THE OPPORTUNITY TO ARTICULATE.

MR. APTON:  I APPRECIATE IT, YOUR HONOR.  I'VE ACTUALLY HAD A NUMBER OF CASES BEFORE YOUR HONOR, AND THIS IS THE FIRST TIME I'VE BEEN HERE IN PERSON.

THE COURT:  WELL, NO.  YEAH.  IT'S NICE TO SEE YOU. GOOD.

MR. APTON:  LIKEWISE.

THE COURT:  I'LL MAKE IT A HABIT.

MR. FELDMAN, ARE YOU SPEECHLESS, SIR?

MR. FELDMAN:  THERE'S NOWHERE TO GO BUT DOWN AFTER MR. APTON'S INTRODUCTION, SO I'M INCLINED TO GET THE DUCT TAPE OUT AND SAY SUBMITTED.

BUT I WANT TO PRAISE, NOT BURY, ANDY DEAN STEPHENS.  THANK YOU FOR BRINGING HIM UP.  IT'S ALWAYS INTERESTING TO SEE WHO IS THE ADMISSION TICKET FOR A SHAREHOLDER CLASS ACTION BECAUSE IT CREATES A LOT OF WORK FOR DEFENSE COUNSEL FOR WHICH WE THANK YOU AND FOR THE COURT FOR WHICH YOU MAY NOT THANK THEM.

ANDY DEAN STEPHENS BOUGHT ONE SHARE OF INSTACART STOCK, AND I THINK THAT THAT AROMA INFUSES THE ENTIRE SUIT.  HE BOUGHT ONE SHARE AT $30 PER SHARE.  THE STOCK WAS SOON TRADING ABOVE 30.  AGAIN, IT IS TRADING ABOVE 30 TODAY.  HE WAS THE ADMISSION TICKET FOR PEOPLE TO GO OUT AND TRY TO FIND BETTER PLAINTIFFS, WHICH IS THEIR RIGHT UNDER THE REFORM ACT.

YOU ASKED ABOUT THE COMPLEXITY OF THE CASE.  SO LET'S JUST PICK AT RANDOM A VERY COMPLICATED FRAUD CASE, SAY THE THERANOS CASE.  I'M SURE YOU'VE READ ABOUT IT.

IN THERE THE ALLEGED FRAUD WENT ON FOR A LONG TIME AND IT INVOLVED SERIOUS AND IN FACT POTENTIALLY CRIMINAL ALLEGATIONS.

HERE, THE CLASS PERIOD IS TWO WEEKS.  THE IPO WAS ON SEPTEMBER 19TH AND THE LAWSUIT WAS FILED -- THE CLASS PERIOD ENDS IN EARLY OCTOBER.

WHEN COUNSEL IS TALKING ABOUT STATUTE OF LIMITATIONS ISSUES, MAYBE IN PAPUA, NEW GUINEA BUT NOT AMERICA.  THERE ARE

NO STATUTES.  I HEREBY WAIVE THE STATUTE OF LIMITATIONS AS TO AN IPO IN SEPTEMBER.

SO NOT ONLY IS IT A REMARKABLY SHORT CLASS PERIOD, WHAT DIFFERENTIATES IT POTENTIALLY FROM EVERY SHAREHOLDER LAWSUIT YOU'VE EVER HAD IS THERE WAS NO ANNOUNCEMENT OF BAD NEWS AT THE END.  THEY WENT PUBLIC.

SOME ANALYST REPORTS CAME OUT IN WHICH THE ANALYST SAID, OH, IT'S A VERY COMPETITIVE MARKET, THEY HAVE TO DEAL WITH DOORDASH.  IT'S ABOUT ONLINE GROCERY ORDERS.  THEY HAVE TO DEAL WITH DOORDASH AND WITH UBER AND THAT'S A TOUGH MARKET.  SO THE STOCK CAME DOWN A LITTLE BIT WHEN SOME OF THE ANALYSTS HAVING ACTUALLY READ THE PROSPECTIVE SAID, OH, THEY HAVE A LOT OF COMPETITION.  THIS IS A TOUGH MARKET.

WE DIDN'T MISS A QUARTER.  WE DIDN'T RESTATE THE FINANCIALS IN THE REGISTRATION STATEMENT.  THE STOCK DIPPED DOWN MOMENTARILY BELOW THE IPO PRICE.

SO TO CHARACTERIZE THIS AS A CASE THAT REQUIRES LEGIONS OF PLAINTIFF'S FIRMS TO COMBAT THE 2024 SUMMER ASSOCIATE CLASS AT FRESHFIELDS SILICON VALLEY OFFICE.  I DON'T SEE THE CASE THE SAME WAY.

I THINK IT'S ACTUALLY FROM A CASE MANAGEMENT STANDPOINT, ONCE THE COURT CHOOSES LEAD PLAINTIFF, ONE MIGHT EVEN SAY THAT THIS DOESN'T HAVE TO DRAG ON FOR TWO YEARS THE WAY MOST OF THESE CASES DO.

THERE'S A COMPLAINT ON FILE BY ONE OF THE TWO FIRMS MOVING

TO BE LEAD PLAINTIFF, THE POMERANTZ FIRM, A VERY FINE FIRM AS IS LEVI & KORSINSKY.  DEFENDANTS, WHY DON'T YOU JUST MOVE ON THAT.  IT HAS 33 ACT CLAIMS.  IT HAS 34 ACT CLAIMS.

WE CAN DEAL WITH THE ANDY STEPHENS OF THE WORLD AND THESE TWO SHAREHOLDERS, WE CAN DEAL WITH THAT ON CLASS CERT.  BUT FOR NOW, LET'S MOVE INTO THE MOTION TO DISMISS AND LET'S DO THIS ONE FAST, NOT IN TWO YEARS.  I THINK THAT COULD BE AN APPROPRIATE COURSE.

BUT AS TO LEAD PLAINTIFF, YOU'RE ALL OVER THE RIGHT ISSUES AND IT'S YOUR CALL, SO I HAVE NOTHING TO ADD ON LEAD PLAINTIFF, YOUR HONOR.  THANK YOU.

THE COURT:  ALL RIGHT.  THANK YOU.

MR. APTON:  YES, YOUR HONOR.  THANK YOU.

I WANT TO POINT OUT, IT SEEMS THAT MR. FELDMAN DOESN'T THINK MUCH OF OUR CASE.  I WOULDN'T EXPECT HIM TO SAY OTHERWISE.

BUT IT'S NOT FOR HIM TO DECIDE HOW WE, PLAINTIFFS, ARE TO MANAGE OUR CASE OR STAFF OUR LITIGATION TEAMS.

IN FACT, IT IS THE CENDANT AND CAVANAUGH DECISIONS THAT MAKE CLEAR ONLY PLAINTIFF'S COUNSEL GET A CHANCE TO REBUT THE ADEQUACY AND TYPICALITY OF POTENTIALLY PLAINTIFF MOVANTS. MR. FELDMAN AND HIS CLIENT DO NOT FALL INTO THAT CATEGORY.

I TAKE ISSUE WITH HIM SUGGESTING WHAT WOULD BE BEST FOR OUR CASE.  HIS INTERESTS ARE NOT IN THE INTERESTS -- THE BEST INTERESTS OF THE CLASS.

I DO NEED TO POINT OUT, YOUR HONOR, IN MR. FELDMAN'S OBJECTION, THERE WAS A SUGGESTION THAT THERE'S ONLY ONE CORRECTIVE DISCLOSURE IN THIS CASE, AND, THEREFORE, MR. CHANG MIGHT HAVE A STANDING ISSUE.  THAT'S NOT CORRECT.

IN THE INITIAL COMPLAINT AS WILL BE UPDATED AND REVISED IN THE AMENDED COMPLAINT AS THESE CASES ARE NORMALLY LITIGATED, IN THE INITIAL COMPLAINT THERE ARE ALREADY TWO CORRECTIVE DISCLOSURES AND ONE WHICH HAPPENED PRIOR TO WHEN MR. CHENG SOLD HIS SHARES.  SO HE DOES HAVE STANDING, HE DOES HAVE DAMAGES. ANY CHALLENGE TO THE ADEQUACY WOULD BE MERITLESS LATER DOWN.

THE COURT:  HE HAS THE GREATEST FINANCIAL INTEREST, DOESN'T HE, MR. CHENG?

MR. APTON:  HE DOES, YOUR HONOR.

THE COURT:  SO SHOULD I JUST APPOINT HIM AND COUNSEL FOR HIM AS LEAD?  WOULD THAT MAKE SENSE?

MR. APTON:  FAR BE IT FROM ME TO TELL YOUR HONOR WHAT MAKES SENSE.

THE COURT:  WELL, THAT'S AN INVITATION FOR YOU TO OPINE.

MR. APTON:  YOUR HONOR, OUR CONCERN IS THAT, AGAIN, THE CLASS HAVE AS BEST REPRESENTATION AS POSSIBLE.

SO IF YOUR HONOR IS INCLINED TO APPOINT ONE AS OPPOSED TO BOTH, I WOULD JUST MAKE SURE THAT YOU'RE OKAY WITH US PROVIDING ADDITIONAL PLAINTIFFS AND ADDITIONAL COUNSEL, IF NECESSARY, LATER ON.  BUT THAT IS OUR MAIN CONCERN.

SO WHILE WE THOUGHT THIS WAS A WAY TO EXPEDITE THIS PROCESS OF THE CASE AND RESOLVE COMPETING MOTIONS SO AS TO AVOID INFIGHTING, IF YOUR HONOR IS NOT INCLINED TO GO THAT ROUTE IN LIGHT OF THE FILINGS BEFORE IT, THEN WE WOULD JUST WANT TO MAKE SURE THAT WE ARE ABLE TO, YOU KNOW, HAVE THAT ABILITY LATER ON AND NOT BE CONFINED SO AS TO PREJUDICE THE CLASS GOING FORWARD.

THE COURT:  SURE, SURE.  AND THE COURT SITS AS A FIDUCIARY FOR THE CLASS AS YOU KNOW AND THE ANALYSIS THAT I'M ENGAGED IN HERE IS IN REGARDS TO RULE 23 AND ALL OF THE OBLIGATIONS THAT ARISE FROM THAT RULE AND THESE TYPES OF LAWSUITS.

AND I'M JUST TRYING TO WRAP MYSELF AROUND -- AND I DON'T MEAN TO SUGGEST THAT IT'S NOT AN IMPORTANT CASE.  IT'S NOT AN MDL.  IT'S NOT -- YOU KNOW, SOMETIMES WE HAVE THE PEWS FULL OF LAWYERS WHO ARE COMPETING, AS YOU SAY, TO BE LEAD COUNSEL HERE. THERE WAS THREE -- THERE WERE THREE AND NOW THERE ARE TWO.  ONE WITHDREW --

MR. APTON:  RIGHT.

THE COURT:  -- AND SUGGESTED THERE WAS NO OPPOSITION FROM THAT PROSPECTIVE PLAINTIFF.

MR. APTON:  SO, YOUR HONOR, WITH RESPECT TO THE COURT'S RULE 23 ANALYSIS, IT IS -- AND MY UNDERSTANDING IS THAT IT'S LIMITED TO JUST WHETHER THESE FOLKS HAVE MADE A PRIMA FACIE SHOWING THAT IT WAS ATYPICALITY AND THE SELECTION OF

COUNSEL IS THEIRS PROVIDED THAT THEY ARE APPROPRIATELY PLAINTIFFS.

AND IN THIS CASE MR. CHENG AND MR. VISCUSI HAVE APPROVED BOTH MY FIRM AND THE POMERANTZ FIRM TO SERVE AS CO-LEAD COUNSEL.

SO I WOULD SAY THAT UNLESS YOUR HONOR REALLY DOESN'T FEEL THAT IT'S NECESSARY OR IF THERE'S SOMETHING POTENTIALLY DANGEROUS OR HARMFUL TO THE CLASS, WE WOULD ASK THAT THE COURT ALLOW IT TO GO FORWARD.

THE COURT: SURE. WELL, THANK YOU.

MY QUESTIONS WERE -- AND THANK YOU FOR NOT TAKING THEM PERSONALLY, BUT THEY WERE ABOUT WHAT EFFICIENCIES WOULD BE CAPTURED BY TWO FRONTS FOR THE BENEFIT OF THE CLASS.

AND YOU'RE BOTH VERY CAPABLE LAWYERS. YOU'VE GOT EXPERIENCE IN THESE CASES. MY SENSE IS -- I'M HAPPY AND CONSUMERS AND YOUR CLIENTS ARE HAPPY THAT YOU HAVE A BREADTH OF SUPPORT IN YOUR OFFICES THAT WILL BACK YOU UP, REVIEW YOUR PLEADINGS, AND SUGGEST DIFFERENT LANGUAGE IN YOUR PLEADINGS, WHATEVER IT MIGHT BE.

BUT AGAIN, THE CASE DOES NOT APPEAR TO BE -- AND I DO NOT MEAN TO DIMINISH THE CASE IN ANY WAY, BUT AS YOU SAID, IT'S NOT REALLY OUT OF THE HEARTLAND OF THESE TYPES OF CASES.

SO THAT'S WHAT I'M TRYING TO FATHOM. DO WE NEED TWO COUNSEL IN THIS CASE? I RECOGNIZE THE PLAINTIFFS HAVE -- YOUR CLIENTS HAVE SAID YES, AND YOU'RE THEIR CHAMPIONS, AND THEY

WOULD LIKE TO GO FORWARD WITH THEIR TWO CHAMPIONS IN THE CASE.

MR. APTON:  UH-HUH.

THE COURT:  OKAY.  ANYTHING ELSE THAT YOU WOULD LIKE ME TO KNOW?

MR. BASSER:  THANK YOU, YOUR HONOR.

I WOULD ADD THAT AND DEFENSE COUNSEL, AS HE SHOULD, MINIMIZES THE SCOPE AND THE COMPLEXITY OF THIS CASE.  THAT'S HIS RIGHT.  AND CERTAINLY HE'S A JUDICIOUS ADVOCATE OF HIS CLIENT, BUT AT THE END OF THE DAY WHEN YOU ASK ABOUT EFFICIENCIES, I THINK ABOUT RESOURCES.

CLEARLY TWO HEADS ARE BETTER THAN ONE.  I DON'T HAVE A LAW CLERK.  I'M NOT SURE IF MR. APTON DOES.

I THINK WHAT DEFENSE COUNSEL HAS SIGNALED TO THIS COURT BY BRINGING HIS ARMY OF PEOPLE IN IS THAT HE'S GOING TO LITIGATE THIS CASE ZEALOUSLY.  HE MAY OVERLITIGATE IT.  AND I'M FEELING A DAVID AND GOLIATH SITUATION IF I'M READING THE TEA LEAVES.

THE COURT:  YOU'RE LOOKING AT THE SUMMER ASSOCIATES WITH TREPIDATION.  THAT SHOULD MAKE THEM FEEL VERY, VERY POWERFUL AND STRONG AS THEY ENTER THEIR THIRD YEAR.

MR. BASSER:  I'M NOT GOOD AT MATH, BUT I'M COUNTING 11 OR 10.

THE COURT:  SECOND YEAR LAW STUDENTS.

MR. BASSER:  EXACTLY.  SO WHEN IT COMES TO RESOURCES, WE CAN USE ALL OF THE AVAILABLE RESOURCES THAT WE HAVE.

THE COURT:  GREAT.  MR. FELDMAN, ANYTHING FURTHER?

MR. FELDMAN:  I DON'T WANT TO OUTWEAR MY WELCOME.

PARAGRAPH 8 OF THE COMPLAINT IS INSTRUCTIVE.

THANK YOU, MR. APTON, FOR RAISING IT.

THIS IS THE CORRECTIVE DISCLOSURE.  THIS IS WHAT THE LAWSUIT IS ABOUT.  THAT'S WHY MR. ONE SHARE FILED A LAWSUIT.

I'M READING IT IN PARAGRAPH 8, QUOTE, "ON SEPTEMBER 22ND, 2023," THAT'S THREE DAYS AFTER THE IPO, "REUTERS PUBLISHED, AMONG OTHER THINGS, THAT INSTACART'S STOCK PRICE WAS FALLING AFTER," QUOTE, "'LUKE WARM ANALYST REPORTS,'" CLOSED QUOTE, "INDICATED THAT THE COMPANY WOULD STRUGGLE FROM HEAVY COMPETITION.  FOR EXAMPLE, THE ARTICLE NOTED THAT," QUOTE, "'BTIG' ANALYST JAKE FULLER GAVE INSTACART A," QUOTE, "'NEUTRAL,'" CLOSED QUOTE, "RATING AND WARNED THAT THE COMPANY FACES HEAVY COMPETITION FROM DOORDASH AND UBER TECHNOLOGIES IN THE SLOWLY EXPANDING MARKET OF GROCERY DELIVERY,'" CLOSED INTERNAL QUOTES AND CLOSED QUOTE.

IF YOU LOOK AT THE MOTIONS THAT BOTH COUNSEL'S FIRM SUBMITTED TO BE CHOSEN LEAD PLAINTIFF, THAT'S HOW THEY DESCRIBED THE CASE, TOO.

OH, THE DISCLOSURE WAS ON SEPTEMBER 22ND, THREE DAYS AFTER THE IPO, WHEN AN ANALYST SAID, OH, THEY FACE A TOUGH MARKET, AND, THEREFORE, THE REGISTRATION STATEMENT UNDERSTATED THE COMPETITION THAT THEY WERE GOING TO FACE IN THE HOME GROCERY DELIVERY.

SO I THINK IT'S IMPORTANT NOT FOR THIS MOTION BUT FOR THE MOTION TO DISMISS, AND WHICH HOPEFULLY WILL BE BEFORE THE COURT SOON, TO RECOGNIZE THE DIFFERENCE BETWEEN THIS AND ALMOST EVERY OTHER SECURITIES CLASS ACTION THAT I'VE SEEN WHERE THE COMPANY ANNOUNCES BAD NEWS AND THE STOCK DROPS AND THEN THE ISSUE IS SHOULD THEY HAVE DISCLOSED THAT BAD NEWS EARLIER?

HERE, THERE WAS NO ANNOUNCEMENT FROM THE COMPANY.  THE ANALYST STARTED COVERING THEM AND SAID IT'S A TOUGH MARKET.

THANK YOU, YOUR HONOR.

THE COURT:  ALL RIGHT.

MR. APTON:  YOUR HONOR, IT'S ACTUALLY PARAGRAPHS 52 AND 53 ARE THE FULL FIRST CORRECTIVE DISCLOSURE FOLLOWED BY 54 AND 55, WHICH ARE THE SECOND CORRECTIVE DISCLOSURE.  THE ANALYST REPORT REFERENCE IN PARAGRAPH 52 IS THIS BTIG ANALYST REPORT.  IT'S 19 PAGES LONG AND IT'S IN DEPTH.  AND THERE IS NO SAFE HARBOR UNDER THE 33 ACT THAT IMMUNIZES A COMPANY FROM MAKING A FALSE STATEMENT IN A REGISTRATION JUST BECAUSE BAD NEWS COMES OUT TWO, THREE, FIVE, TEN DAYS LATER.  IT'S STRICT LIABILITY.  IF ANYTHING IN THAT REGISTRATION STATEMENT IS FALSE OR MISLEADING, THAT'S LIABILITY.

THE COURT:  OKAY.

MR. APTON:  AND COUNSEL'S SUGGESTIONS THAT THIS CASE IS UNLIKE ANY OTHER CASE, IT DOES SUGGEST THAT THIS IS MAYBE NOT WITHIN THE HEARTLAND OF CASES.  PERHAPS THERE IS REASON FOR ADDITIONAL RESOURCES.

THE COURT:  WELL, THANK YOU.  I APPRECIATE THE PREVIEW FOR THE MOTION TO DISMISS --

MR. APTON:  YES.  THANK YOU, YOUR HONOR.

THE COURT:  -- THAT WE'VE DISCUSSED.

MR. FELDMAN:  THANK YOU.

THE COURT:  ALL RIGHT.  I'M GOING TO REVIEW THE COMPLAINT AS YOU SUGGEST AND THE PARAGRAPHS.  MATTER IS UNDER SUBMISSION.  WE'LL GET AN ORDER OUT SHORTLY.

ANYTHING ELSE?

MR. APTON:  NO.

THE COURT:  GREAT.  THANK YOU VERY MUCH.  WELCOME AND CONGRATULATIONS TO YOUR SUMMER ASSOCIATES.  THEY SHALL NEVER SEE THE LIGHT OF DAY UNTIL AUGUST OR SEPTEMBER I GUESS.

MR. FELDMAN:  THANK YOU.

MR. APTON:  GOOD TO MEET YOU.

MR. FELDMAN:  THANK YOU.

(COURT CONCLUDED AT 9:31 A.M.)

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

IRENE RODRIGUEZ, CSR, RMR, CRR
CERTIFICATE NUMBER 8074


DATED:  MAY 30, 2024