BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
ELISE LOPEZ, State Bar No. 324199
elise.lopez@freshfields.com
OLIVIA ROSEN, State Bar No. 340120
olivia.rosen@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

ABYGAIL KRITTA (*pro hac vice forthcoming*)
abby.kritta@freshfields.com
FRESHFIELDS US LLP
175 Greenwich Street
New York, NY 10007
Telephone: (212) 277-4000

*Attorneys for Defendants Maplebear Inc. d/b/a
Instacart, Fidji Simo, Nick Giovanni, Alan Ramsay,
Apoorva Mehta, Jeffrey Jordan, Meredith Kopit
Levien, Barry McCarthy, Michael Moritz, Lily
Sarafan, Frank Slootman, and Daniel Sundheim*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDY DEAN STEPHENS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MAPLEBEAR INC. d/b/a INSTACART, FIDJI SIMO, NICK GIOVANNI, ALAN RAMSAY, APOORVA MEHTA, JEFFREY JORDAN, MEREDITH KOPIT LEVIEN, BARRY MCCARTHY, MICHAEL MORITZ, LILY SARAFAN, FRANK SLOOTMAN, and DANIEL SUNDHEIM, GOLDMAN SACHS & CO. LLC; J.P. MORGAN SECURITIES LLC; BOFA SECURITIES, INC.; BARCLAYS CAPITAL INC.; CITIGROUP GLOBAL MARKETS INC.; ROBERT W. BAIRD & CO. | Case No.: 5:24-cv-00465-EJD <br><br> **INSTACART DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** <br><br> Date:      January 30, 2025 <br> Time:     9 AM <br> Location:  Courtroom 4 – 5th Floor <br> Judge:    Hon. Edward J. Davila |

INSTACART DEFENDANTS' RJN
CASE NO. 5:24-cv-00465-EJD

INCORPORATED; CITIZENS JMP SECURITIES, LLC; LIONTREE ADVISORS LLC; OPPENHEIMER & CO. INC.; PIPER SANDLER & CO.; SOFI SECURITIES LLC; STIFEL, NICOLAUS & COMPANY, INCORPORATED; WEDBUSH SECURITIES INC.; BLAYLOCK VAN, LLC; DREXEL HAMILTON, LLC; LOOP CAPITAL MARKETS LLC; R. SEELAUS & CO., LLC; SAMUEL A. RAMIREZ & COMPANY, INC.; STERN BROTHERS & CO.; TIGRESS FINANCIAL PARTNERS LLC

Defendants.

**TABLE OF CONTENTS**

**Page**

ARGUMENT ……………………………………………………………………………1
   I. THE COURT MAY CONSIDER DOCUMENTS INCORPORATED BY REFERENCE ……..1
      A. SEC Filings …………………………………………………………………... 2
      B. News Articles and Other Public Materials ………………………………………… 2
   II. THE COURT MAY TAKE JUDICIAL NOTICE OF PUBLIC INFORMATION …………….2
      A. SEC Filings …………………………………………………………………... 3
      B. News Articles and Other Public Materials …………………………………………… 4
      C. Price Data of Publicly Traded Companies …………………………………………… 5

INSTACART DEFENDANTS' RJN
CASE NO. 5:24-cv-00465-EJD

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page**

*In re Apple Inc. Device Performance Litig.*,
   386 F. Supp. 3d 1155 (N.D. Cal. 2019) (Davila, J.) ……………………………………..…1

*In re Atossa Genetics Inc Securities Litig.*,
   868 F.3d 784 (9th Cir. 2017) ……………………………………………………………....6

*Diaz v. Intuit, Inc.*,
   2018 U.S. Dist. LEXIS 82009 (N.D. Cal. May 15, 2018) …………………………….…..4

*In re Finisar Corp.*,
   542 F. Supp. 2d 980 (N.D. Cal. 2008) …………………………………………………..…6

*In re Google Location History Litig.*,
   428 F. Supp. 3d 185 (N.D. Cal. 2019) (Davila, J.) …………………………………..…4

*Huei-Ting Kang v. PayPal Holdings, Inc.*,
   620 F. Supp. 3d 884 (N.D. Cal. 2022) …………………………………………….…..1, 4

*In re Intel Corp. Sec. Litig.*,
   2019 U.S. Dist. LEXIS 54615 (N.D. Cal. Mar. 29, 2019) …………………..………….3

*Jedrzejczyk v. Skillz Inc.*,
   2022 U.S. Dist. LEXIS 117803 (N.D. Cal. July 5, 2022) ……………………………….1

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) …………………………………………………………....1

*Kim v. Advanced Micro Devices, Inc.*,
   2019 U.S. Dist. LEXIS 87287 (N.D. Cal. May 23, 2019) …………………..…………… 5

*Love v. Lanai Garden Corp.*,
   2021 U.S. Dist. LEXIS 155009 (N.D. Cal. Aug. 17, 2021) (Davila, J.) …………………..4

*Mehedi v. View, Inc.*,
   2023 U.S. Dist. LEXIS 89106 (N.D. Cal. May 22, 2023) ………………………..………….2

*Mendoza v. HF Foods Grp., Inc.*,
   2021 U.S. Dist. LEXIS 160982 (C.D. Cal. Aug. 25, 2021) ………………………………….3

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
   540 F.3d 1049 (9th Cir. 2008) ……………………………………………………………….5

*MSP Recovery Claims, Series LLC v. Jazz Pharm., PLC*,
   2024 U.S. Dist. LEXIS 129032 (N.D. Cal. July 22, 2024) ………………………………..3

*In re New Century*,
   588 F. Supp. 2d 1206 (C.D. Cal. 2008) ……...…………………………………………….3

-ii-

*In re Splunk Inc. Securities Litig.*,
   592 F. Supp. 3d 919 (N.D. Cal. 2022) …………………………………………....5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ……………………………………………………………….1

*In re Twitter, Inc. Sec. Litig.*,
   506 F. Supp. 3d 867 (N.D. Cal 2020) …………………………………………....4

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
   592 F.3d 954 (9th Cir. 2010) …………………………………………………..... 4

*Weston v. DocuSign, Inc.*,
   669 F. Supp. 3d 849 (N.D. Cal. 2023) …………………………………………..6

*Wong v. Arlo Techs., Inc.*,
   2019 U.S. Dist. LEXIS 226546 (N.D. Cal. Dec. 19, 2019) ……………………………………… 2

**Other Authorities**

Federal Rule of Evidence 201 ……………………………………………………....1

INSTACART DEFENDANTS' RJN
CASE NO. 5:24-cv-00465-EJD

**TABLE OF ABBREVIATIONS**

| Abbreviation | Definition |
|---|---|
| Amended Complaint | Plaintiffs' First Amended Complaint for Violations of the Federal Securities Laws, filed September 17, 2024 |
| Instacart Defendants | Maplebear Inc. d/b/a Instacart, Fidji Simo, Nick Giovanni, Alan Ramsay, Apoorva Mehta, Jeffrey Jordan, Meredith Kopit Levien, Barry McCarthy, Michael Moritz, Lily Sarafan, Frank Slootman, Daniel Sundheim |
| Ex. | Exhibit |
| Motion to Dismiss | Instacart Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint |
| Instacart | Maplebear Inc. d/b/a Instacart |

Emphasis is added unless otherwise noted.  Certain quotation marks, alteration marks, citations, and emphases have been omitted.

-iv-

A court ruling on a motion to dismiss a claim under the federal securities law "must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  The documents submitted are either (1) incorporated by reference into the Complaint or (2) are the proper subject of judicial notice pursuant to Federal Rule of Evidence 201, or both.  True and correct copies of the documents are attached to the Lopez Declaration.

Instacart Defendants respectfully request that the Court consider the following documents in connection with their Motion to Dismiss.

**ARGUMENT**

**I.    THE COURT MAY CONSIDER DOCUMENTS INCORPORATED BY REFERENCE**

Under the incorporation by reference doctrine, a court may examine a document that the plaintiff refers to "extensively" or "forms the basis of the plaintiff's claim." *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1165 (N.D. Cal. 2019) (Davila, J.) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  A court may incorporate documents by reference even if they are not cited directly in the complaint as long as the claim "necessarily depended" on it.  *Id*. In so doing, it treats the incorporated documents "as though they are part of the complaint itself." *Id*. at 1164–65 (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)).  The doctrine serves to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

On a motion to dismiss, courts in the Ninth Circuit regularly consider documents cited in complaints.  *See*, *e.g.*, *Huei-Ting Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) (incorporating by reference documents that plaintiffs "quoted throughout the [c]omplaint" and were "necessary to assess the veracity of the challenged statement in context"); *see also Jedrzejczyk v. Skillz Inc.*, 2022 U.S. Dist. LEXIS 117803, at *6–8 (N.D. Cal. July 5, 2022) (considering documents incorporated by reference).

Accordingly, Instacart Defendants request that the Court consider the following documents

1

relied upon, quoted, or referenced in the Complaint:[1]

### A. SEC Filings

- Ex. 1: Instacart's Prospectus, which was publicly filed with the U.S. Securities and Exchange Commission ("SEC") on September 20, 2023 pursuant to Rule 424(b)(3). (*See, e.g.,* ¶¶ 177–188, 224–240, 247, 365–377)

- Ex. 19: Simo Fidji's Statement of Changes in Beneficial Ownership on Form 4, which was publicly filed with the SEC on September 20, 2023. (¶¶ 278, 349)

- Ex. 20: Nick Giovanni's Statement of Changes in Beneficial Ownership on Form 4, which was publicly filed with the SEC on September 20, 2023. (¶¶ 278, 349)

### B. News Articles and Other Public Materials

- Ex. 6: New York Times article, titled "Instacart searches for a direction as its pandemic boom fades," dated April 29, 2022. (¶¶ 169, 300)

- Ex. 9: The Economic Times article, titled "Didn't want my legacy to be defined by one company: Instacart founder Apoorva Mehta," dated January 5, 2024. (¶¶ 175, 306)

- Ex. 10: Reuters article, titled "Instacart pulls IPO on Volatile market conditions – sources," dated October 20, 2022. (¶¶ 171, 302)

## II.    THE COURT MAY TAKE JUDICIAL NOTICE OF PUBLIC INFORMATION

Pursuant to Federal Rule of Evidence 201(b), courts may take judicial notice of "fact[s] that [are] not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *see also Mehedi v. View, Inc.*, 2023 U.S. Dist. LEXIS 89106, at *10 (N.D. Cal. May 22, 2023) (recognizing the imperative that the Court "not 'accept as true allegations that contradict matters properly subject to judicial notice' or 'allegations that are merely conclusory'"); *Wong v. Arlo Techs., Inc.*, 2019 U.S. Dist. LEXIS 226546, at *9 (N.D. Cal. Dec. 19, 2019) (same).  Accordingly, Instacart Defendants request that the Court take judicial notice of the following SEC filings, news articles, and price data of publicly traded companies.

---

[1] The SEC filings that Instacart Defendants ask the Court to consider incorporated by reference in the Amended Complaint (Exs. 1, 19, 20, 6, 9, 10) are also properly subject to judicial notice.  *See infra* 2–5.

INSTACART DEFENDANTS' RJN
CASE NO. 5:24-cv-00465-EJD

### A.  SEC Filings

The Court may judicially notice SEC filings, "even those 'not specifically mentioned' in the complaint," because "they are 'public disclosure documents required by law to be filed.'"  *Mendoza v. HF Foods Grp., Inc.*, 2021 U.S. Dist. LEXIS 160982, at *4 (C.D. Cal. Aug. 25, 2021); *MSP Recovery Claims, Series LLC v. Jazz Pharm., PLC*, 2024 U.S. Dist. LEXIS 129032 (N.D. Cal. July 22, 2024) (Davila J.) (quoting *In re New Century*, 588 F. Supp. 2d 1206, 1219 (C.D. Cal. 2008)) (cleaned up) ("It is well-established that courts may take judicial notice of SEC filings"); *In re Intel Corp. Sec. Litig.*, 2019 U.S. Dist. LEXIS 54615, at *20 (N.D. Cal. Mar. 29, 2019) (finding SEC filings to be "routinely subject to judicial notice," even when plaintiffs' claims do not depend on them and plaintiffs do not reference them in their complaint).  Therefore, Instacart Defendants request that the Court consider the following documents publicly filed with the SEC:[2]

- Ex. 1: Instacart's Prospectus, which was publicly filed with the SEC on September 20, 2023 pursuant to Rule 424(b)(3).
- Ex. 15: Exhibit 99.1 to Instacart's Form 8-K, which was publicly filed with the SEC on August 6, 2024 and titled "Q2 2024 Letter to Shareholders."
- Ex. 16: Exhibit 99.1 to Instacart's Form 8-K, which was publicly filed with the SEC on November 8, 2023 and titled "Q3 2023 Letter to Shareholders."
- Ex. 17: Exhibit 99.1 to Instacart's Form 8-K, which was publicly filed with the SEC on February 13, 2024 and titled "Q4 2023 Letter to Shareholders."
- Ex. 18: Exhibit 99.1 to Instacart's Form 8-K, which was publicly filed with the SEC on May 8, 2024 and titled "Q1 2024 Letter to Shareholders."
- Ex. 19: Simo Fidji's Statement of Changes in Beneficial Ownership on Form 4, which was publicly filed with the SEC on September 20, 2023.
- Ex. 20: Nick Giovanni's Statement of Changes in Beneficial Ownership on Form 4, which was publicly filed with the SEC on September 20, 2023.

---

[2] The SEC filings (Exs. 1, 19, 20) that Instacart Defendants ask the Court to judicially notice are also properly incorporated by reference.  *See supra* 1–2.

3

INSTACART DEFENDANTS' RJN
CASE NO. 5:24-cv-00465-EJD

## B. News Articles and Other Public Materials

Because publications such as newspapers and magazines offer "an indication of what information was in the public realm at the time," they "meet the standards for admissibility set forth in Federal Rule of Evidence 201(b)" when the public's access to that information is at issue. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *see also In re Google Location History Litig.*, 428 F. Supp. 3d 185, 189 (N.D. Cal. 2019) (Davila, J.) (quoting *Diaz v. Intuit, Inc.*, 2018 U.S. Dist. LEXIS 82009, at *11 (N.D. Cal. May 15, 2018)) (noting that a website may be judicially noticed for the proposition that it is "in the public realm"); *In re Twitter, Inc. Sec. Litig.*, 506 F. Supp. 3d 867, 874 n.1 (N.D. Cal 2020) (granting judicial notice of news articles because they "reflect[] publicly available information about the company"). Because the contents of "[p]ublicly accessible websites and news articles" "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," such publications are "the proper subjects of judicial notice." *PayPal*, 620 F. Supp. 3d at 895; *see also Love v. Lanai Garden Corp.*, 2021 U.S. Dist. LEXIS 155009, at *7 (N.D. Cal. Aug. 17, 2021) (Davila, J.) ("Courts may take judicial notice of websites and their contents.").[3]

Accordingly, Instacart Defendants request that the Court take judicial notice of the following documents:

- Ex. 2: Instacart press release, titled "Uber Eats to Power Restaurant Delivery on Instacart," dated May 7, 2024.

- Ex. 3: New York Times article, titled "How Big Tech Won the Pandemic; on tech," dated April 30, 2021.

- Ex. 4: Investopedia article, titled "The Technology Sector's 2020 and What It Means for 2021," dated December 23, 2020.

- Ex. 5: BBC article, titled "Zoom sees more growth after 'unprecedented' 2020," dated March 1, 2021.

---

[3] The news articles and other public materials (Exs. 6, 9, 10) that Instacart Defendants ask the court to consider subject to judicial notice are also properly incorporated by reference. *See supra* 1–2.

INSTACART DEFENDANTS' RJN
CASE NO. 5:24-cv-00465-EJD

- Ex. 6: New York Times article, titled "Instacart Searches for a Direction as Its Pandemic Boom Fades," dated April 29, 2022.

- Ex. 7: Reuters article, titled "Zoom shares down 90% from peak as pandemic boom fades," dated November 22, 2022.

- Ex. 8: Associated Press News article, titled "As the online pandemic boom fades, Shopify cuts 1,000 jobs," dated July 26, 2022.

- Ex. 9: The Economic Times article, titled "Didn't want my legacy to be defined by one company: Instacart founder Apoorva Mehta," dated January 5, 2024.

- Ex. 10: Reuters article, titled "Instacart pulls IPO on volatile market conditions – sources," dated October 20, 2022.

- Ex. 11: CNBC interview transcript, titled "Instacart CEO Fidji Simo Speaks with CNBC's Deirdre Bosa on 'Squawk on the Street' Today," dated September 19, 2023.

- Ex. 12: Wolfe Research report, titled "CART: Error Free First Delivery," dated November 8, 2023.

- Ex. 13: Barclays report, titled "First Checkout Proves Successful," dated November 8, 2023.

- Ex. 21: Barron's article, titled "Instacart Stock's 'Valuation Is Attractive.' Buy Calls Are Coming In," dated October 16, 2023.

**C. Price Data of Publicly Traded Companies**

The Court may take judicial notice of Instacart's historical stock prices and the value of the NASDAQ index "because they are 'subject to accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Kim v. Advanced Micro Devices, Inc.*, 2019 U.S. Dist. LEXIS 87287, at \*15 (N.D. Cal. May 23, 2019).  Courts in the Ninth Circuit routinely judicially notice historical stock prices in private securities litigation.  *See e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of stock price history "was proper" to show responses of stock price); *In re Splunk Inc. Securities Litig.*, 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022) (judicial notice of stock price data may be used to determine what information was available on the market); *In re Atossa Genetics Inc Securities Litig.*, 868 F.3d 784,

5

799 (9th Cir. 2017) (judicial notice of stock price data to show that the company's stock increased during the period at issue); *Weston v. DocuSign, Inc.*, 669 F. Supp. 3d 849, 872 (N.D. Cal. 2023) (judicial notice of a table containing a company's daily stock prices during a one-month period). Closing stock prices, where they are "crucial to the plaintiff's claims, but not explicitly incorporated in his complaint," are proper subjects of judicial notice. *In re Finisar Corp.*, 542 F. Supp. 2d 980, 989 n.4 (N.D. Cal. 2008) (holding closing stock prices were proper subjects of judicial notice).

Accordingly, Instacart Defendants request that the Court take judicial notice of the following document:

- Ex. 14: Instacart's stock price history for the time period of September 19, 2023 to October 23, 2024, as reported by NASDAQ.

For the foregoing reasons, Instacart Defendants respectfully request that the Court consider the herein-referenced documents in connection with their Motion to Dismiss.

Respectfully submitted,

FRESHFIELDS US LLP

By: */s/ Boris Feldman*
        Boris Feldman

*Attorneys for Defendants Maplebear Inc. d/b/a Instacart, Fidji Simo, Nick Giovanni, Alan Ramsay, Apoorva Mehta, Jeffrey Jordan, Meredith Kopit Levien, Barry McCarthy, Michael Moritz, Lily Sarafan, Frank Slootman, and Daniel Sundheim*

6

INSTACART DEFENDANTS' RJN
CASE NO. 5:24-cv-00465-EJD