BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
ELISE LOPEZ, State Bar No. 324199
elise.lopez@freshfields.com
OLIVIA ROSEN, State Bar No. 340120
olivia.rosen@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

ABYGAIL KRITTA
abby.kritta@freshfields.com
FRESHFIELDS US LLP
175 Greenwich Street
New York, NY 10007
Telephone: (212) 277-4000

*Attorneys for Defendants Maplebear Inc. d/b/a Instacart, Fidji Simo, Nick Giovanni, Alan Ramsay, Apoorva Mehta, Jeffrey Jordan, Meredith Kopit Levien, Barry McCarthy, Michael Moritz, Lily Sarafan, Frank Slootman, and Daniel Sundheim*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDY DEAN STEPHENS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MAPLEBEAR INC. d/b/a INSTACART, FIDJI SIMO, NICK GIOVANNI, ALAN RAMSAY, APOORVA MEHTA, JEFFREY JORDAN, MEREDITH KOPIT LEVIEN, BARRY MCCARTHY, MICHAEL MORITZ, LILY SARAFAN, FRANK SLOOTMAN, and DANIEL SUNDHEIM, GOLDMAN SACHS & CO. LLC; J.P. MORGAN SECURITIES LLC; BOFA SECURITIES, INC.; BARCLAYS CAPITAL INC.; CITIGROUP GLOBAL MARKETS INC.; ROBERT W. BAIRD & CO. INCORPORATED; CITIZENS JMP | Case No.: 5:24-cv-00465-EJD <br><br> **INSTACART DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** <br><br> Date:        January 30, 2025 <br> Time:        9:00 AM <br> Location:   Courtroom 4 – 5th Floor <br> Judge:       Hon. Edward J. Davila |

SECURITIES, LLC; LIONTREE ADVISORS LLC; OPPENHEIMER & CO. INC.; PIPER SANDLER & CO.; SOFI SECURITIES LLC; STIFEL, NICOLAUS & COMPANY, INCORPORATED; WEDBUSH SECURITIES INC.; BLAYLOCK VAN, LLC; DREXEL HAMILTON, LLC; LOOP CAPITAL MARKETS LLC; R. SEELAUS & CO., LLC; SAMUEL A. RAMIREZ & COMPANY, INC.; STERN BROTHERS & CO.; TIGRESS FINANCIAL PARTNERS LLC

Defendants.

**TABLE OF CONTENTS**

**Page**

INTRODUCTION: THE COURT MAY TAKE JUDICIAL NOTICE OF PUBLIC INFORMATION.................................................................................................................................. 1

    I. SEC Filings................................................................................................................................1

    II. Price Data of Publicly Traded Companies............................................................................. 2

INSTACART DEFS' RJN ISO REPLY          -i-
CASE NO. 5:24-cv-00465-EJD

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

*Cheng v. Activision Blizzard, Inc.,*
    2022 U.S. Dist. LEXIS 100969 (C.D. Cal. Apr. 18, 2022) ………………………….......… 1

*In re Finisar Corp.,*
    542 F. Supp. 2d 980 (N.D. Cal. 2008) …………………………………………………….2

*In re Intel Corp. Sec. Litig.,*
    2019 U.S. Dist. LEXIS 54615 (N.D. Cal. Mar. 29, 2019) …………………………………...2

*Kim v. Advanced Micro Devices, Inc.,*
    2019 U.S. Dist. LEXIS 87287 (N.D. Cal. May 23, 2019) ………………………….....……2

*Mehedi v. View, Inc.,*
    2023 U.S. Dist. LEXIS 89106 (N.D. Cal. May 22, 2023) …………………………………...1

*Mendoza v. HF Foods Grp., Inc.,*
    2021 U.S. Dist. LEXIS 160982 (C.D. Cal. Aug. 25, 2021) ………………………………….1

*Metzler Inv. GMBH v. Corinthian Colls., Inc.,*
    540 F.3d 1049 (9th Cir. 2008) …………………………………………………….....…2

*MSP Recovery Claims, Series LLC v. Jazz Pharm., PLC,*
    2024 U.S. Dist. LEXIS 129032 (N.D. Cal. July 22, 2024) ………………………………….1

*In re New Century,*
    588 F. Supp. 2d 1206 (C.D. Cal. 2008) ……………………………………...…………….1

*In re Splunk Inc. Sec. Litig.,*
    592 F. Supp. 3d 919 (N.D. Cal. 2022) …………………………………………………….2

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.,*
    551 U.S. 308 (2007) ………………………………………………………………….1

*Wong v. Arlo Techs., Inc.,*
    2019 U.S. Dist. LEXIS 226546 (N.D. Cal. Dec. 19, 2019) ………………………...…….1

**Other Authorities**

Federal Rule of Evidence 201 …………………………………………………………………1

Federal Rule of Evidence 201(b) …………………………………………………………….1

**TABLE OF ABBREVIATIONS**

| Abbreviation | Definition |
| --- | --- |
| Instacart Defendants | Maplebear Inc. d/b/a Instacart, Fidji Simo, Nick Giovanni, Alan Ramsay, Apoorva Mehta, Jeffrey Jordan, Meredith Kopit Levien, Barry McCarthy, Michael Moritz, Lily Sarafan, Frank Slootman, Daniel Sundheim |
| Ex. | Exhibit |
| Reply | Instacart Defendants' Reply in Support of Motion to Dismiss Plaintiff's Amended Complaint |
| Instacart | Maplebear Inc. d/b/a Instacart |
| SEC | U.S. Securities and Exchange Commission |

Emphasis is added unless otherwise noted. Certain quotation marks, alteration marks, citations, and emphases have been omitted.

## INTRODUCTION

A court ruling on a motion to dismiss a claim under the federal securities laws "must consider . . . matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The documents submitted are the proper subject of judicial notice pursuant to Federal Rule of Evidence 201. True and correct copies of these documents are attached to the Rosen Declaration. Instacart Defendants respectfully request that the Court consider the following documents in connection with their Reply.[1]

## THE COURT MAY TAKE JUDICIAL NOTICE OF PUBLIC INFORMATION

Pursuant to Federal Rule of Evidence 201(b), courts may take judicial notice of "fact[s] that [are] not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Mehedi v. View, Inc.*, 2023 U.S. Dist. LEXIS 89106, at *10 (N.D. Cal. May 22, 2023) (recognizing the imperative that the Court "not 'accept as true allegations that contradict matters properly subject to judicial notice' or 'allegations that are merely conclusory'"); *Wong v. Arlo Techs., Inc.*, 2019 U.S. Dist. LEXIS 226546, at *9 (N.D. Cal. Dec. 19, 2019) (same). Accordingly, Instacart Defendants request that the Court take judicial notice of the following SEC filings and price data of publicly traded companies.

### I.    SEC Filings

The Court may judicially notice SEC filings, "even those 'not specifically mentioned' in the complaint," because "they are 'public disclosure documents required by law to be filed.'" *Mendoza v. HF Foods Grp., Inc.*, 2021 U.S. Dist. LEXIS 160982, at *4 (C.D. Cal. Aug. 25, 2021); *MSP Recovery Claims, Series LLC v. Jazz Pharm., PLC*, 2024 U.S. Dist. LEXIS 129032, at *9–10 (N.D. Cal. July 22, 2024) (Davila J.) (quoting *In re New Century*, 588 F. Supp. 2d 1206, 1219 (C.D. Cal. 2008)) (cleaned

[1] Plaintiff did not object to Instacart Defendants' Request for Judicial Notice in Support of Their Motion to Dismiss the Amended Complaint, ECF No. 85; therefore, the Court properly considers those exhibits. *Cheng v. Activision Blizzard, Inc.*, 2022 U.S. Dist. LEXIS 100969, at *17 (C.D. Cal. Apr. 18, 2022 (judicially noticing materials where "Plaintiffs d[id] not oppose" judicial notice or were "otherwise silent"). This brief requests that additional documents be judicially noticed in connection with Instacart Defendants' Reply in Support of Their Motion to Dismiss.

up) ("It is well-established that courts may take judicial notice of SEC filings"); *In re Intel Corp. Sec. Litig.*, 2019 U.S. Dist. LEXIS 54615, at *20 (N.D. Cal. Mar. 29, 2019) (holding SEC filings to be properly and "routinely subject to judicial notice," even when plaintiffs' claims do not depend on them and they are not referenced in the complaint). Therefore, Instacart Defendants request that the Court consider the following documents publicly filed with the SEC:

- Ex. 22: Instacart's Form 8-K and Exhibit 99.1 to Instacart's Form 8-K, titled "Q3 2024 Letter to Shareholders," which were publicly filed with the SEC on November 12, 2024.

- Ex. 24: Exhibit 99.1 to Just Eat Takeaway.com N.V.'s Form 6-K, which was publicly filed with the SEC on March 1, 2023 and titled "Just Eat Takeaway.com Annual Report 2022."

- Ex. 25: Exhibit 99.1 to Live Nation Entertainment Inc.'s Form 8-K, which was publicly filed with the SEC on February 22, 2024 and titled "Live Nation Entertainment Reports Full Year and Fourth Quarter 2023 Results."

- Ex. 26: Exhibit 99.1 to RB Global Inc.'s Form 8-K, which was publicly filed with the SEC on February 23, 2024 and titled "RB Global reports fourth quarter and full year 2023 results."

## II.    Price Data of Publicly Traded Companies

The Court may take judicial notice of Instacart's historical stock prices and the value of the NASDAQ index "because they are 'subject to accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Kim v. Advanced Micro Devices, Inc.*, 2019 U.S. Dist. LEXIS 87287, at *15 (N.D. Cal. May 23, 2019); *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of stock price history "was proper" to show responses of stock price); *In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022) (judicial notice of stock price data may be used to determine what information was available on the market). Closing stock prices, where they are "crucial to the plaintiff's claims, but not explicitly incorporated in his complaint," are proper subjects of judicial notice. *In re Finisar Corp.*,

542 F. Supp. 2d 980, 989 n.4 (N.D. Cal. 2008) (holding closing stock prices were proper subjects of judicial notice).

Therefore, Instacart Defendants request that the Court consider the following document reflecting Instacart's historical stock prices and the value of the NASDAQ index:

- Ex. 23: Instacart's stock price history for the time period of September 19, 2023 to January 8, 2025, as reported by NASDAQ.

For the foregoing reasons, Instacart Defendants respectfully request that the Court consider the herein-referenced documents in connection with their Reply.

Respectfully submitted,

Dated: January 10, 2025                    FRESHFIELDS US LLP


By: /s/ Boris Feldman_____
           Boris Feldman

*Attorneys for Defendants Maplebear Inc. d/b/a Instacart, Fidji Simo, Nick Giovanni, Alan Ramsay, Apoorva Mehta, Jeffrey Jordan, Meredith Kopit Levien, Barry McCarthy, Michael Moritz, Lily Sarafan, Frank Slootman, and Daniel Sundheim*